versus the US Bureau of Reclamation. So we will take up our first case for argument, and that's Hastings versus the United States Postal Service. Good morning, and may it please the court, my name is John Adams, and I represent the plaintiff and appellant Wendy Hastings. And if I could please reserve three minutes. OK, watch your clock. The advent of new technology, the court's electronic filing system presents a new fact pattern for this court in relation back doctrine cases. While the fact pattern might be new, the congressional intent has remained the same. Can I make sure I understand the fact pattern? Yes, your honor. And I think I do. You filed the complaint and summons electronically into the electronic filing system, correct? Correct. And what the US attorney got was an email notification that a filing had been made. Correct, through the EFS system. And that email notification itself did not have attached to it the summons and complaint, but rather there was, if you clicked on the link, it would take you to them. Is that correct? Technically, that's correct. Well, not only technically, it's actually correct. It is actually correct. I guess for purposes of our discussion today, I think the way I would describe it in layperson terms is it was essentially a virtual envelope. Well, that's why I want to make sure I understand the facts. This is not a case in which you emailed the US attorney and said, attached is a summons and complaint. Correct. Rather, this is a case in which the electronic filing system sent a notification to the US attorney that a summons and complaint had been filed. And mechanically, if the US attorney wanted to view that summons and complaint, they'd have to click on the link, and then it would take them to the docket. Correct. OK. Or from a visual user's standpoint, it's almost an instantaneous file. Right. I know, but I want you to be able to make your argument. But I think if you're saying the facts are important, I need to have them in mind. Yes. Thank you, Your Honor. Certainly, this court's task is in construing Rule 15c2's government notice provision to determine congressional intent and to effectuate its purpose. We believe that plaintiff appellant's interpretation construction of the statute is the correct one for several reasons. First, the plain language of the provision requires that process be delivered or mailed to, in our case, the United States attorney in the district where the action is. Importantly, though, the statute provides or doesn't give any particular method of mailing or delivery for that to take place. Essentially, the way we interpret congressional intent is, at least back in 1966, when that government provision was all means of getting proper notice. Certainly, at the time it was US mailing. There wasn't email. Facts didn't really become common until the mid-1980s, I believe. And certainly, the only mailing surface, because UPS or FedEx didn't exist, would have been the US mail. But the congressional intent in a notice provision, as opposed to Rule 4, where you need some sort of shock value or immediacy, I need to respond to this, to provide the government notice. Counsel, aren't there other rules that have been explicitly amended to accommodate the electronic technology? This is not one of them. This rule has not been changed at all to accommodate that kind of technology. Isn't that true? That is true. And I know, for example, Rule 5 has been amended in order to incorporate the courts, electronic filing system, or even email with consent of the parties. But Rule 4 has not. Rule 4 has not. And doesn't that suggest that the drafters of the rules knew where to amend them to provide for electronic delivery and where not to? I know that's the government's position because of the advisory committee notes, Your Honor. But the advisory note, as you suggest, was put together in a time when nobody knew about this stuff. They were responding to particular cases where the government had to say. Judge LaPez's question, I think, brings up a different point, which is that the rules committee does know about this stuff. It made a change to Rule 5, didn't make a change to Rule 4, and didn't make a change to Rule 15. So what does that tell us? I think what it tells us is that the congressional intent never changed. Back in 1966, all available means of notification were encompassed by the terms delivery and mail. Well, but we're not really talking about it. As somebody who served on a rules committee, we're not really talking about congressional intent here. All Congress did was fail to disapprove these. The real question is, what does the rules committee intend? And since the rules committee made some amendments, can we now conclude that they intended to amend 15c2 sub silentio? I don't think there was any need to amend Rule 15 to incorporate the electronic filing provisions, because I think that under the term delivery, but for example, if you were to go online to Webster's Merriam's dictionary, one of the definitions of deliver is electronic service of an email. That same dictionary has mailing in the noun form as including email. The difference between Rule 4, Your Honor, and I think Rule 15 is Rule 4 has an entirely different purpose. There needs to be personal delivery. And in fact, it's got to be accomplished through either the US Marshals Service or someone over the age of 18. That means it needs to be personally served. Even the government acknowledges in its brief, and I think this court, Miles, observed that you don't have to have that sort of formal government service under Rule 15. The linchpin, as the Supreme Court stated, is notice. And as this court stated in Miles, notice kind of drives the bus. It need not be formal. So I want to go back to your description of what happens. Why is providing the government with a link from which, if it takes action, it can be then directed to the docket where it can find these items, delivery? Because that's what the government's used to under our local rules in San Diego. Well, but the local rules provide for service that way. But this rule uses the word delivery. And so, Mike, I'm having a hard time viewing. I get an email that says, you can find this if you'd like to, and here's how you do it.  It may be service for Rule 5 purpose, but is it delivery? At least for the United States attorney, it's delivery. Because since 2006, they would have been required as officers of the court, attorneys before the court, to register with the e-filing system. Right, but they register under your local rule in Rule 5. And that means that this is effectively service. Is service different than delivery, I guess is my question. For purposes of Rule 15, I don't think there's any difference between service and delivery. It's the fact that it was sent to the United States attorney who had certainly had notice from day one of the lawsuit. Well, you're not content, you're not relying on the notice provisions of Rule 15 C1, though. The government notice provision. Yeah, you're only relying on the government notice provision of C2. You're not contending that the government had actual notice so that C1 applies. Correct. And I see that I've got two minutes left, so I'll reserve, thank you. All right, thank you, counsel. Good morning, Your Honors, Valerie Torres on behalf of the United States. The circuit interprets Rule 15 C literally. There's been a lot of discussion of the language itself and what it means. The focus should be on what process delivered  The circuit has had the opportunity to interpret those terms. Well, but to be fair, we've never dealt with this situation, have we? Correct, it has not dealt with it. So our prior cases don't answer the question. Tell me why the language of the rule answers the question. Because I think, mail and delivery are not ambiguous terms. I think they're commonly understood by practitioners and as they're used throughout the federal system. The problem is I think these days people equate email to mail. People understand that when you're emailing, I mean, people feel responsibility to read their emails, they respond to the emails. I mean, it is developed to be something that's even more common to the chagrin of many than regular mail. I mean, I am a person that prefers regular mail, but other people, I mean, banks, insurance companies send me notices and expect me to take action all the time just by email. I understand that your honor's point, but the issue here is whether or not now mail and deliver as used in rule 15 accommodates sending by electronic means. And as I think your honor pointed out earlier, the drafters have not drafted this rule in that sense. But let me pose a different scenario for you. Let's assume that instead of doing what she did, Ms. Hastings had emailed the U.S. attorney. Dear U.S. attorney, at your email address, I have today filed the attached summons and complaint in this case. Would that set aside rule 15 C2? I don't believe so, your honor. Why not? Because I think the drafters haven't incorporated the concept of sending by electronic means into rule 15 C2. Well, but if- They've accommodated- Wouldn't we all understand that mail was the same as email? It's email after all, it's not E something else. Understood, your honor, but I think mail as used throughout the rules, as this court has interpreted in the context, for example, of rule five, as recently as 1996, said that mail means U.S. mail. Well, but do you have to convince us of that to win in this case? Mr. O, you didn't really get the summons and complaint. All you got was a link to where the summons and complaint might be found. Do we really have to find that mail can't encompass email? Your honor is correct, that the NEF, the Notice of Electronic Filing, didn't actually attach or deliver anything other than a notice. So why do we have to reach the issue of- Well, I question whether that's a distinction without a difference, since the, I mean, so one little minor step of clicking would, how would that be a legal distinction that makes sense in this world? Well, I think, for example, as electronic users of these systems, I think that extra step is required, because if I receive an NEF, and I don't click on it, and I don't read the court's ruling, for example, in a different case, and I don't take notice of that, I think that extra step is required in order to understand what exactly is being delivered. What is the document say? That doesn't undercut your argument. I mean, we get now, internally, these notices, and they're motions by counsel, and we're supposed to click on them and roll on the motion. And that's just the nature of our electronic system. Understood, but the NEF itself doesn't, I'd still go back to the same point, your honor. The NEF itself doesn't include a document. And if we're talking about delivery, it has to deliver something, I would think, in the way you interpret Rule 15-C. Something has to be delivered other than an email that just says, hey, there's something else that you can click into. I guess my analogy is if you got a letter in the mail that said, we filed a complaint today, and you can find it by clicking on the enclosed link, I wouldn't view that as delivery of the complaint. And so I'm not sure why, to your point, and I'm not sure why just getting the notice is delivery. It may be service, but it's not delivery. But I'm bothered by your broader argument that we shouldn't interpret mail as email, because the Tenth Circuit case, at least, unpublished, to be sure, suggests that if I faxed you a copy of the summons and complaint, I would have delivered it. And again. And you actually there get a physical copy. They pop out of your fax machine into your office. And the Tenth Circuit says that's delivery. I'm not sure they're wrong. Well, as you noted, I believe the case is Herman v. Utah, and the Tenth Circuit said it's not binding precedent in that circuit. But it may still be persuasive. But to your point, Your Honor, in terms of, like, for example, a facsimile, again, the court has interpreted the term mail to not include facsimile in the context of Rule 5. But have we interpreted the term delivery not to include facsimile? I don't believe there's a case on that point. But in Whale v. United States, the court looked at the term deliver in the context of Rule 4, and it said, delivery requires a personal delivery. And I think it's important to interpret the terms consistently, the same terms used throughout the rules of civil procedure. I think it's important to interpret the same terms consistently and not interpret them differently for purposes of different rules. It has the problem of potentially creating a lot of confusion and uncertainty in terms of how practitioners then practice. Is there a distinction between the process that's described in 15, Rule 15, and just service of other documents? Your Honor's referring to process, the original complaint. Right, because it is the original complaint. There has to be more strictly construed, because that's the beginning of the action. I mean, that point's well taken, Your Honor. Process, when we're talking about process, it's usually the original complaint in the summons, and that's governed by Rule 4. Rule 5, which was referenced by appellant's counsel, governs typically service of subsequent pleadings and discovery papers and so forth. The local rules, I point out, and this was a point raised in the reply for the first time, the suggestion that the local rules either can be service of process under, pursuant to the ECF system, that's not true. The local rules do not provide that. What do you make of the fact that Rule 15C2 doesn't just say, served in the manner described by Rule 4? It says mail, for example, it doesn't say registered mail. That's true, Your Honor, and I don't know if that's an omission, but an intentional omission or not, but I will reference the committee notes, which say, notice in the manner they're described, see Rule 4. And I think the fact that the drafters refer to the reader to Rule 4 is important, because I think, although this court has held that informal notice, so we don't need formal service of process to comply with the government notice provision, I think it's important to interpret mail and delivery consistent with how those terms are used. Would mail satisfy Rule 4? In the absence of registered, would stale mail satisfy Rule 4? No, Your Honor, because Rule 4 has an additional element to it, and that, in the context of the government, requires certified or registered mail. Yeah, and this is only something that applies to the government, so they must have meant something different in Rule 4. True, but I think they meant U.S. mail. I'd also just note, Your Honor, that we're here engaging in this sort of tortured interpretation of the government notice provision based on a result that was entirely avoidable. There was opportunity upon opportunity to properly prosecute this case from the get-go. This was not, the defendant here was, the proper defendant was in plain sight a month before the complaint was filed. The United States Postal Service informed appellant in writing and her counsel, and that's in SER 11 and 12, that the only proper defendant in an FTCA case was the United States. The FTCA, which is the statute also invoked in the complaint by plaintiff, again says that the remedy is against the United States. But even setting that to the side, setting the fact that they sued the wrong government entity, if there had been an attempt, even improperly, to serve somebody, they probably would have complied with the literal provisions of Rule 15c. Why? Because whenever you sue a government entity, whether it's the United States, an agency, an officer, even a federal employee in their individual capacity, you're always gonna be serving the U.S. Attorney and or the Attorney General. And that's why we're here, Your Honor, because of these failed opportunities to properly prosecute this case from the get-go. And I'm running shortly out of time. I don't know if the court has any more questions for me. No, thank you, Counselor. Thank you, Your Honor. So I have under two minutes, I will be brief. I wanted to respond to a couple of points. First, this argument about plaintiff's counsel made a mistake or an oversight.  that might have been relevant for purposes of the general notice provision. It is not, however, for the government notice provision. And I say to the Johnson versus United States Postal Service case- Well, the point, I think, is more direct. Had you simply mailed it or delivered it sometime within this nine-month period, we wouldn't be here today, right? That is true, Your Honor. The other- I don't know, and I don't know whether it was you or prior counsel, but it does seem to me we're here. This is an avoidable problem. Thank you. And I also wanted to pick up Judge Hurwitz on your comment about fax machines in the case out of the 10th Circuit that found that that satisfied the government notice provision. I don't know of a method that's more secure than the electronic filing system. All registered users, the court gets to use it. The court doesn't have to mail out its order. It sends it essentially directly to the attorney's computer. That, to me, leaves much less of a margin of error than even personal delivery on a secretary that may forget to give it to you or to a fax machine that can get easily lost in the copy room. This goes directly to the U.S. attorney's computer. Whether they choose to click the link or not really isn't relevant, but it truly is a virtual envelope. It's been, I think, within the confines of Rule 15C, the government notice provision, it has been both delivered and it has been mailed. The government knew literally from day one that they were going to be the proper target in a lawsuit. They can show no- If they knew, we'd be in 15C1 territory. You're not contending they knew. You're contending that you gave them notice. Well, they knew because they filed a motion to dismiss. But you're not relying on C1? We're relying on the government notice provision, Your Honor. Thank you. This case should be tried on the merits. Appreciate the court's time. Thank you very much, counsel. Hastings v. U.S. Postal Service will be submitted.
judges: Lipez, Wardlaw, Hurwitz